McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00052-JAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| RODRIGO ELIZALDE CAMACHO, | DATE: June 16, 2020<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |
| Defendant. | |

On March 23, 2020, the Court continued the status conference scheduled for April 14, 2020, to June 16, 2020, in compliance with General Orders 611 and 612. *See* ECF No. 9. This Court issued General Order 611 on March 17, 2020, suspending all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This Court issued General Order 612 on March 18, 2020, inviting District Judges to continue all criminal matters to a date after May 1, 2020, excluding time under the Speedy Trial Act with reference to General Order 611, with additional findings to support the exclusion in the Judge's discretion. General Orders 611 and 612 were entered to address public health concerns related to COVID-19.

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 14, 2020.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2. In a minute order issued March 23, 2020, the Court continued the April 14, 2020, status conference to June 16, 2020 at 9:15 a.m. "keeping in compliance with General Orders 611 and 612." ECF No. 9.

3. By this stipulation, the parties move to exclude time between April 14, 2020, and June 16, 2020, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

    a) On March 17, 2020, defendant made his initial appearance in this case, waived his right to indictment, entered a plea of Not Guilty to the Information (ECF No. 1), and was released on bond and conditions of pretrial release. *See* ECF No. 4.

    b) The government anticipates producing discovery consisting of investigative reports, photographs, and other documents in the near future. Due to mandatory telework as a result of the COVID-19 pandemic, the government's ordinary processes for processing and producing discovery have been disrupted and delayed.

    c) Counsel for defendant desires additional time to review the charges in this case and the forthcoming discovery, to conduct investigation, to consult with her client, and to otherwise prepare for trial.

    d) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e) The government does not object to the continuance.

    f) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel have been encouraged to telework and minimize personal contact to the greatest extent possible. It would be difficult to avoid personal contact should the status hearing have proceeded as originally scheduled.

    g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 14, 2020 to June 16, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 10, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ DAVID W. SPENCER
DAVID W. SPENCER
Assistant United States Attorney

Dated: April 10, 2020

/s/ Lexi Negin
Lexi Negin
Counsel for Defendant
RODRIGO ELIZALDE
CAMACHO

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 10th day of April, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE